UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKI LEHMAN,
    Plaintiff,

CASE NO.:

vs.

TAMPA BAY RENTAL SOLUTIONS, LLC;
JAMES KOPTEROS,
    Defendant(s).
_____/

## COMPLAINT

COMES NOW Plaintiff(s), VICKI LEHMAN ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant(s), TAMPA BAY RENTAL SOLUTIONS, LLC ("TBRS"); and JAMES KOPTEROS ("KOPTEROS") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. At all times material to this action, Plaintiff is an individual who resides in the county of the instant action, State of Florida.

2. Plaintiff hereby demands its right to a jury trial on issues so triable.

3. At all times material to this action, TBRS named herein and/or their assignors regularly engage in substantial business activity in the State of Florida including in the county of the instant action, State of Florida.

4. All references to TBRS named herein shall also include TBRS named herein's predecessors.

### COUNT I- VIOLATIONS OF THE FDCPA- TBRS

5. Plaintiff realleges paragraph numbers 1 through 4.

6. This is an action against TBRS for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, et. seq. (FDCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

7. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) TBRS is a 'debt collector' within the meaning of the FDCPA.

8.     Starting at least since December 15, 2016, TBRS engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a residential lease that is a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity"). Attached hereto as **Exhibit "A"** is a copy of the residential lease that is the subject of the Debt Collection Activity as described herein this Count.

9.     The Debt Collection Activity included sending a '3-day notice' to evict as well as collection correspondences. Attached hereto as composite **Exhibit "B"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

10.    TBRS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C.:

   a.    §1692(c) because Plaintiff requested in writing that TBRS cease collections contacts, yet, Plaintiff failed to do so;

   b.    §1692(d) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** and such conduct is a natural consequence of to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section;

   c.    §1692(e) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** are false, deceptive, or misleading representations or means in connection with the collection of any debt;

   d.    §1692(e)(2)(A) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation of the character, amount, or legal status of any debt;

   e.    §1692(e)(2)(B) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

   f.    §1692(e)(10) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

L17-1018

g.  §1692(e)(11) because of TBRS's failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action;

h.  §1692(f) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is an unfair or unconscionable means to collect or attempt to collect any debt;

i.  §1692(f)(1) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

j.  §1692(g)(a)(1-)(5) because TBRS's because of TBRS's failure to disclose, within five days after the initial communication with Plaintiff, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

11.  As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

12.  Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of

L17-1018

$1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II- VIOLATIONS OF THE FCCPA- TBRS

13. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

14. This is an action against TBRS for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

15. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) TBRS is a 'person' within the meaning of the FCCPA.

16. TBRS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

(7) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a willful communicate with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of her or his family;

17. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

18. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT III- VIOLATIONS OF THE FCCPA- TBRS

19. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

20. This is an action against TBRS for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

21. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the

L17-1018

meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) TBRS is a 'person' within the meaning of the FCCPA.

22. TBRS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of <u>Florida Statutes</u>, §559.72:

(9) because TBRS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

23. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

24. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the <u>Florida Statutes</u>, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV- VIOLATIONS OF THE FCCPA- TBRS

25. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

26. This is an action against TBRS for violations of the Florida's Consumer Collections Practices Act, <u>Florida Statutes</u>, §559, <u>Part VI</u>, *et. seq.* (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

27. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) TBRS is a 'person' within the meaning of the FCCPA.

28. TBRS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of <u>Florida Statutes</u>, §559.72:

(9) because TBRS's violations as discussed in paragraph number ten (10) above are claims, attempts, or threats to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

L17-1018

29. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

30. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT V- VIOLATIONS OF THE FDCPA- KOPTEROS

31. Plaintiff realleges paragraph numbers 1 through 4.

32. This is an action against KOPTEROS for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

33. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) KOPTEROS is a 'debt collector' within the meaning of the FDCPA.

34. Starting at least since December 15, 2016, KOPTEROS engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a residential lease that is a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity"). Attached hereto as **Exhibit "A"** is a copy of the residential lease that is the subject of the Debt Collection Activity as described herein this Count.

35. The Debt Collection Activity included sending a '3-day notice' to evict as well as collection correspondences. Attached hereto as composite **Exhibit "B"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

36. KOPTEROS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C.:

a. §1692(c) because Plaintiff requested in writing that KOPTEROS cease collections contacts, yet, Plaintiff failed to do so;

b. §1692(d) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** and such conduct is a natural

L17-1018

consequence of to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section;

 c. §1692(e) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** are false, deceptive, or misleading representations or means in connection with the collection of any debt;

 d. §1692(e)(2)(A) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation of the character, amount, or legal status of any debt;

 e. §1692(e)(2)(B) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

 f. §1692(e)(10) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

 g. §1692(e)(11) because of KOPTEROS's failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action;

 h. §1692(f) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is an unfair or unconscionable means to collect or attempt to collect any debt;

 i. §1692(f)(1) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

 j. §1692(g)(a)(1-)(5) because KOPTEROS's because of KOPTEROS's failure to disclose, within five days after the initial communication with Plaintiff, the amount of the debt; the

L17-1018

name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

38. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT VI- VIOLATIONS OF THE FCCPA- KOPTEROS

39. Plaintiff realleges paragraph numbers 1 through 4 and 22 through 23 herein.

40. This is an action against KOPTEROS for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

41. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) KOPTEROS is a 'person' within the meaning of the FCCPA.

42. KOPTEROS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

(7) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a willful communicate with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or her family, or willfully

L17-1018

engage in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of her or his family.

43. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

44. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT VII- VIOLATIONS OF THE FCCPA- KOPTEROS

45. Plaintiff realleges paragraph numbers 1 through 4 and 22 through 23 herein.

46. This is an action against KOPTEROS for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

47. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) KOPTEROS is a 'person' within the meaning of the FCCPA.

48. KOPTEROS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

(9) because KOPTEROS's attempts to charge fees or costs that are either illegal, excessive or not permitted to be charged under **Exhibit "A"** is a claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

49. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

50. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

L17-1018

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT VIII- VIOLATIONS OF THE FCCPA- KOPTEROS

51. Plaintiff realleges paragraph numbers 1 through 4 and 22 through 23 herein.

52. This is an action against KOPTEROS for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00, exclusive of interest, court costs and attorneys fees.

53. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) KOPTEROS is a 'person' within the meaning of the FCCPA.

54. KOPTEROS's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

(9) because KOPTEROS's violations as discussed in paragraph number thirty-six (36) above are claims, attempts, or threats to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

55. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

56. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

Date; March 3, 2017
s/ Scott Stamatakis
Scott Stamatakis
Florida Bar No.: 178454

L17-1018

Trial Attorney for Plaintiff
STAMATAKIS + THALJI + BONANNO
PO Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Email: Service@MyInjury.com

L17-1018